## MATTER OF RIVA

### In Deportation Proceedings

#### A-11239287

*Decided by Board March 4, 1968*

The refusal of the special inquiry officer to adjudicate in deportation proceedings in the case of respondent, who is deportable as a remained longer nonimmigrant, the question of respondent's inadmissibility under section 212 (a)(22) of the Immigration and Nationality Act should he return to this country, was proper since such a determination was neither germane to the issue of his deportability nor to his eligibility for discretionary relief.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant representative of foreign information media—remained longer.

ON BEHALF OF RESPONDENT:
Elmer Fried, Esquire
515 Madison Avenue
New York, New York 10022

ON BEHALF OF SERVICE:
Thomas W. Winnerman
Trial Attorney
(Brief filed)

Respondent, who conceded deportability on the charge in the order to show cause, applied only for voluntary departure, and was granted that relief, appeals from the refusal of the special inquiry officer to adjudicate, in these proceedings, the question of whether he is excludable under section 212(a)(22) of the Immigration and Nationality Act. The appeal will be dismissed.

Respondent is a 26-year-old married male alien, a native and citizen of Peru. The relevant facts are set forth with particularity in the decision of the special inquiry officer and need not be repeated here. It is sufficient to note that from 1956 to the present, respondent has been in and out of the United States with at least four different visas. He has been here as a visitor, a student, a representative of foreign information media, and twice was admitted for permanent residence. He twice gave up his permanent resident status for the admitted purpose of avoiding service in the United States Armed Services. His testimony is that his reason for the various status changes he made was also to avoid mili-

tary service, without violating any criminal statutes of the United States. The basis for such actions was his alleged intention, at all times, to remain in this country only temporarily, eventually to return to his native Peru.

Now 26 years old and married to an American citizen, respondent has apparently decided that he would like to settle here permanently. As a native of a Western Hemisphere country, he is ineligible to apply for adjustment to permanent resident status in these proceedings, or in any proceedings in the United States. It will be necessary for him to leave this country and seek an immigrant visa at a Consulate abroad.

Inasmuch as a determination of respondent's admissibility or excludability under section 212(a) (22) is neither necessary nor relevant to the issues properly before the special inquiry officer in the instant proceedings, we believe the special inquiry officer properly refused to adjudicate this question. We hold further that he was correct in considering respondent's testimony as to his conduct vis-a-vis military service, the draft board, etc., only in the context of its effect on whether or not he was deserving of the discretionary relief he sought. It was his finding, which we see no reason to disturb, that in view of the total picture respondent's actions do not warrant a finding that he is ineligible for or unworthy of a grant of voluntary departure.

Counsel, who neither argued nor briefed his position on appeal, stated in the Notice of Appeal:

* * * where counsel urgently requests such a ruling to be made, [whether respondent left the United States with the intent to avoid or evade military service and would thereby be inadmissible under section 212(a) (22)] as a matter of discretion the Special Inquiry Officer—assuming he has jurisdiction to make such ruling and assuming it would be germane to the issue—ought in the exercise of discretion to rule upon it; and that therefore it was in error, in the instant case, for the Special Inquiry Officer to decline to rule upon the issue so tendered * * *.[1]

We cannot agree with the position taken by counsel. First, the question was not germane to the issue before the special inquiry officer; whether or not respondent was *deportable* for having overstayed his authorized period of stay as a representative of foreign information media is in no way related to whether or not he may be

---

[1] Of interest is the case of *Licea-Gomez* v. *Pilliod*, 193 F. Supp. 577, decided October 11, 1960, in which the District Court, Northern District of Illinois, upheld the refusal of the special inquiry officer, affirmed by the Board, to rule in exclusion proceedings on whether the applicant was excludable under section 212(a) (22); the alien had been refused a visa by the Consul on the basis of that section, but was charged by the Government with being excludable only because he was not in possession of a visa. The Court held the special inquiry officer need go no further than that charge.

considered *excludable* as one who left this country to avoid military service in time of war or national emergency. Neither is a decision as to whether he would be *excludable* for such conduct, if it is established that he has been guilty of it, relevant to his eligibility for voluntary departure. On this basis, such a decision by the special inquiry officer would be a cluttering of the record with *dictum*. Further, the making of such a decision by the special inquiry officer would have been a purely academic exercise, for the Consul before whom respondent must make his application for a visa would be in no way bound by such a ruling of the special inquiry officer; see sections 104(a) and 221(g) of the Immigration and Nationality Act.

The ruling requested by counsel was not germane to the issues herein and any decision or holding by the special inquiry officer would settle no legal question and be dispositive of no issue. There was no error in his refusal to rule on an extraneous question. We, therefore, hold the appeal from that decision to be without sound legal basis.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.